11 F.3d 1072
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John B. MCCARTHY, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 93-3295.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1993.
 
 Before PLAGER and SCHALL, Circuit Judges, and PRATT, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 John B. McCarthy appeals the March 3, 1993 decision of the Merit Systems Protection Board (Board), Dkt. No. DA043288-0294I1, dismissing for lack of timeliness his petition for review of the Administrative Judges's (AJ) July 8, 1988 initial decision, Dkt. No. DA04328810294. We affirm.
 
 DISCUSSION
 
 2
 On appeal, our standard of review is very narrow. We must affirm the Board's decision unless it is shown to be
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 7
 McCarthy argues on appeal that the delay in filing the petition for review was caused by the unavailability of a witness, Sgt. Womack, his former immediate supervisor. According to McCarthy, the Department of the Air Force (agency) harassed the witness and had him transferred overseas so that he could not testify on McCarthy's behalf. As soon as the witness was located, argues McCarthy, he filed a petition for review. Thus, according to McCarthy, good cause for the delay has been shown.
 
 
 8
 We are unpersuaded. The Board found that McCarthy had not met his burden of showing that the witness was unavailable prior to the August 12, 1988 deadline for filing the petition, or that the witness' testimony was "newly discovered." See Lybrook v. Dept. of Navy, 51 M.S.P.R. 241, 244 (1991). The Board relied on the fact that the witness was scheduled to testify on McCarthy's behalf at the June 30, 1988 hearing, but did not do so because the case settled at the hearing. McCarthy's unsupported allegations that the witness was unavailable due to harassment by the agency, or because the witness had been transferred overseas, are insufficient to rebut the Board's findings.
 
 
 9
 The Board also found that, even if the agency did in fact harass the witness or transfer him overseas, McCarthy did not meet his burden of showing he acted with reasonable diligence. See Alonzo v. Dept. of Air Force, 4 M.S.P.R. 180, 184 (1980). The Board noted that McCarthy failed to show when the witness was sent overseas, when he (McCarthy) located the witness, or why he could not have investigated and uncovered prior to the August 12, 1988 deadline the reasons for the witness' alleged inability or unwillingness to testify. McCarthy has not shown why the Board's finding is in error.
 
 
 10
 For all the foregoing reasons, we find no error in the Board's decision that compels reversal. Accordingly, we affirm.
 
 
 
 *
 Honorable George C. Pratt, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation